# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## APRIL TERM, 1880.

---

[No. 1004.]

## REESE GOLD AND SILVER MINING COMPANY, RESPONDENT, *v.* RYE PATCH CONS. M. & M. CO. ET AL., APPELLANTS.

MOTION TO REDELIVER POSSESSION OF PROPERTY MADE BEFORE APPEAL IS PERFECTED, DENIED.—At the time the motion was made, no notice of appeal from the judgment had been given, and at the time the court denied the motion for the redelivery of the possession of the premises, the appeal from the judgment had not been perfected: *Held*, that the order of the court denying the motion was correct.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts sufficiently appear in the opinion.

*R. M. Clarke, M. S. Bonnifield, Neumann,* and *Eickhoff,* for Appellants:

I. The undertaking on appeal providing for the liability of the sureties upon the affirmance of the judgment, operates as a stay. (*Karth* v. *Light*, 15 Cal. 324; *England* v. *Lewis*, 25 Id. 337.) An appeal suspends the operation of a judgment. (*People* v. *Frisbie*, 26 Cal. 135.) If, after an execution has been levied, the court orders that the judgment be not enforced, we submit, upon the authorities cited,

that under the law the perfecting of an appeal works this result: the order releases levy. (*Mulford* v *Estudillo*, 32 Cal. 131; *Barroilhet* v. *Hathaway*, 31 Id. 395.) An appeal duly perfected stays execution of the judgment below. (*Covarrubias* v. *Sheriff*, 52 Cal. 622; *People* v. *Commissioners*, 25 How. Pr. 257; *Britton* v. *Phillips*, 16 Abb. Pr. 33; *Hutchinson* v. *Bours*, 13 Cal. 52; *Fulton* v. *Hanna*, 40 Id. 278.)

II. The court erred in denying the motion to recall the execution. (*Jackson* v. *Roberts*, 7 Wend. 88; *Dobbins* v. *Dollarhide*, 15 Cal. 374; *Sanchez* v. *Carriaga*, 31 Id. 172; *Day* v. *Graham*, 1 Gil. 435; *Thompson* v. *Thornton*, 41 Cal. 526; *Bryan* v. *Berry*, 8 Id. 133; *Leonard* v. *Peacock*, 8 Nev. 157, 247.

*George G. Berry and Lewis & Deal*, for Respondent:

I. The notice should state the grounds upon which the motion will be made. To say that the "writ was improperly issued" is not the statement of any ground. (*Freeborn* v. *Glazer*, 10 Cal. 337; *Loucks* v. *Edmonson*, 18 Id. 203; Freeman on Executions, sec. 74.

II. The execution was *functus officio* before the notice of motion was filed or served. (Freeman on Executions, sec. 477.)

III. The bond on appeal, when filed, was ineffectual for any purpose. (*Johnson* v. *Badger Mill & M. Co.*, 12 Nev. 261; *Laveaga* v. *Wise*, 13 Id. 296.)

IV. The amount of the undertaking is not sufficient to stay execution. (1 Comp. L. 1402, 1404, 1406, 1408; *Mokelumne Hill Co.* v. *Woodbury*, 10 Cal. 185; *Dobbins* v. *Dollarhide*, 15 Id. 375.

V. In no case can the defendant demand the return of the property as an absolute right.

By the Court, HAWLEY, J.:

This is an appeal from an order of the district court denying defendants' motion for the re-delivery of the possession of the premises in controversy in said action, and for a stay of proceedings upon filing a bond.

Said motion was made upon the ground that the writ of execution under which the sheriff ousted defendants from

their possession, was improperly issued, and upon the provisions of the statute. (1 Comp. L. 1406–7–10.)

The motion was filed September 11, 1879, and the time for hearing fixed for September 13.

The record shows that the writ of execution was properly issued and delivered to the sheriff on the second day of September, 1879.

On the eleventh day of September the sheriff made the following return thereon: "I hereby certify and return that I executed the within writ, so far as the same directed and required me to place the plaintiff in said action in possession of the property therein described, by removing all persons found in possession of the same, and by placing Samuel Brown, trustee and agent of the plaintiff, in the full, complete, and sole possession of the said property on the second day of September, 1879, and that a stay of execution having been granted as to the money judgment mentioned in said writ, the same was not executed by me."

The order fixing the amount of the appeal bond to stay execution, as to possession, was not made until the thirteenth day of September, 1879. On the seventeenth of the same month the court denied defendants' motion, "on the ground that the court had no power to grant the same."

The bond on appeal from said order was filed September 24.

From all the facts set forth in the record it appears that the object of the suit was consummated, and the judgment, in so far as it related to the possession of the property, was satisfied prior to the time when defendants' motion was made.

The order of the court denying the motion was correct. The writ of execution was not improperly issued. No stay had been granted, except "as to the money judgment." That part was not enforced. At the time the motion was made no notice of appeal from the judgment had been given, and at the time the court denied defendants' motion for the re-delivery of the possession of the premises, the appeal from the judgment had not been perfected.

The order appealed from is affirmed.